## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDDIE and SHARON LESTER**, *et al.*, | : | **CIVIL ACTION NO. 3:01-CV-1182** |
| | : | |
| **Plaintiffs** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **GENE PERCUDANI**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

Presently before the court is plaintiffs' motion (Doc. 319) for reconsideration

of the dismissal of plaintiffs' claim for negligent misrepresentation.  Plaintiffs

contend that an intervening change in controlling law permits them to reassert

their misrepresentation claim .  Defendants oppose the motion on the ground that,

*inter alia*, the claim is barred by the statute of limitations.  Both parties have fully

briefed these issues, which are now ripe for disposition.  For the reasons that follow,

the motion will be denied.

## I.    <u>Summary of Facts</u>[1]

In June 2001, plaintiffs instituted the present action alleging negligent

misrepresentation and other claims against defendants based upon allegedly false

statements about the value and financing of real property sold to plaintiffs.  (<u>See</u>

154 at 1-2.)  Their complaint sought recovery for diminution in property value,

---

[1]  A more extensive discussion of the facts of this case is presented in the
memorandum and order dated February 21, 2003 (Doc. 154), familiarity with which
is presumed.

excessive rates of default, and other monetary damages.  (See id. at 2.)  In 2003, the

court dismissed the misrepresentation claim pursuant the economic loss doctrine

articulated by the Pennsylvania Superior Court and federal courts applying

Pennsylvania law.  (See id. at 8-11.)  The doctrine as then developed prohibited a

plaintiff "from recovering purely economic losses suffered as a result of a

defendant's negligent or otherwise tortious behavior, absent proof that the

defendant's conduct caused actual physical harm to a plaintiff or his property."

Ellenbogen v. PNC Bank, N.A., 731 A.2d 175, 188 n.26 (Pa. Super. Ct. 1999) (quoting

Pub. Svc. Enter. Group, Inc. v. Phila. Elec. Co., 722 F. Supp. 184, 193 n.4 (D.N.J.

1989) (applying Pennsylvania law)).  The Pennsylvania Supreme Court

subsequently disapproved of the economic loss doctrine in an opinion issued on

January 19, 2005.  The case, Bilt-Rite Contractors, Inc. v. The Architectural Studio,

866 A.2d 270 (Pa. 2005), announced that "the economic loss rule does not bar

recovery" in a negligent misrepresentation case against an architect by a building

contractor.  More than two years later, on March 23, 2007, plaintiffs filed the instant

motion analogizing Bilt-Rite's rejection of the economic loss doctrine to the instant

case and seeking reconsideration of the court's earlier dismissal of the

misrepresentation claim.

## II.    Standard of Review

The purpose of a motion for reconsideration is to correct manifest errors of

law or fact, or to present newly discovered evidence.  See FED. R. CIV. P. 54(b), 60(b);

Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, the court

may alter or amend an order or judgment if the party seeking reconsideration
shows at least one of the following grounds:  (1) an intervening change in the
controlling law; (2) the availability of new evidence that was not available when the
court granted the motion; or (3) the need to correct a clear error of law or fact or to
prevent manifest injustice.  Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176
F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co.,
52 F.3d 1194, 1218 (3d Cir. 1995)).  "A motion for reconsideration is not to be used as
a means to reargue matters already argued and disposed of or as an attempt to
relitigate a point of disagreement between the Court and the litigant."  Abu-Jamal
v. Horn, No. CIV. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. 2001) (citations and
internal quotation marks omitted).  Furthermore, [a motion for reconsideration] is
not to allow a party to "simply change[ ] theories and [try] again," thus giving [the
movant] "a second bite at the apple."  Prusky v. Prudential Ins. Co. of Am.,  44 F.
App'x. 545, 548, 2002 WL 1774064, *3 (3rd Cir. 2002) (quoting Bhatnagar v.
Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir.1995)).

## III.   **Discussion**

Plaintiffs support their reconsideration motion by relying on Bilt-Rite, which
they contend validated negligent misrepresentation as a viable theory for
recovering purely economic damages.  Defendants oppose the motion on three
grounds:  (1) the negligent misrepresentation claim is barred by the statute of
limitations, (2) Bilt-Rite is inapplicable to the factual circumstances of plaintiffs'
negligent misrepresentation claim, and (3) the motion is futile because the plaintiffs

would be unable to plead a negligent misrepresentation claim were they to amend their complaint.

Under Pennsylvania law, a claim for negligent misrepresentation is governed by a two-year statute of limitations.  See 42 PA. CONS. STAT. § 5524(7); Toy v. Metro. Life Ins. Co., 863 A.2d 1, 9 (Pa. Super. Ct. 2004).  The limitations period commences when the "injured party . . . has or should have had notice that he had an action to bring."  Yurcic v. Purdue Pharma, L.P., 343 F. Supp. 2d 286, 392 (M.D. Pa. 2004); see also 42 PA. CONS. STAT. § 5502(a) (stating that limitations period commences at "the time the cause of action accrued").  A court may apply a limitations defense at the pleading stage if a facial review of a pleading demonstrates that a particular claim is time-barred.  See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt, L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006) ("A statute of limitations defense is an affirmative one, and in order to undergird a dismissal, must appear on the face of the complaint."); Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (stating that one may seek dismissal of a claim if the pleading that asserts the claim indicates that it is untimely).

In the case *sub judice*, all relevant facts and applicable law upon which plaintiffs predicate their renewed negligent misrepresentation claim were available to plaintiffs when the Pennsylvania Supreme Court announced Bilt-Rite on January 19, 2005.  (See, e.g., Doc. 1 (alleging facts supporting negligent misrepresentation claim as early as June 28, 2001)).  The limitations period on plaintiffs' negligent misrepresentation claim commenced on that date and expired

4

two years later, on January 19, 2007.  Plaintiffs did not file the reconsideration

motion until March 23, 2007, after the running of the limitations period.

Accordingly, the court finds that the statute of limitations prevents plaintiffs from

asserting the claim anew.[2]

      An appropriate order will issue.


                                             S/ Christopher C. Conner
                                            CHRISTOPHER C. CONNER
                                            United States District Judge

Dated:      February 1, 2008

---

[2]In light of the denial of the motion as time-barred, the court expresses no opinion regarding whether the holding of <u>Bilt-Rite</u> would otherwise mandate reconsideration.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDDIE and SHARON LESTER**, *et al.*, | : | **CIVIL ACTION NO. 3:01-CV-1182** |
| | : | |
| **Plaintiffs** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **GENE PERCUDANI**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 1st day of February, 2008, upon consideration of plaintiffs'

motion (Doc. 319) for reconsideration of the dismissal of the negligent

misrepresentation claim, and for the reasons set forth in the attached

memorandum, it is hereby ORDERED that the motion is DENIED.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge