**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDDIE and SHARON LESTER**, *et al.*, | : | **CIVIL ACTION NO. 3:01-CV-1182** |
| | : | |
| **Plaintiffs** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **GENE PERCUDANI**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 22nd day of September, 2008, upon consideration of plaintiffs' motion

for reconsideration (Doc. 413) of the memorandum and order of court (Doc. 412) dated

February 1, 2008, and for leave to amend the complaint to reassert a negligent

misrepresentation claim in light of the change in Pennsylvania law decreed by Bilt-Rite

Contractors, Inc. v. The Architectural Studio, 866 A.2d 270 (Pa. 2005), and it appearing that

the Pennsylvania Supreme Court issued Bilt-Rite on January 19, 2005, that plaintiffs did not

request leave to amend the complaint until March 23, 2007, (see Doc. 319), that this lapse

constitutes a delay of twenty-six months, and that fact discovery in this matter closed on

February 15, 2007, (see Doc. 293 ¶ 1), and it further appearing that leave to amend may be

denied pursuant to Rule 15(a) of the Federal Rules of Civil Procedure if the plaintiff engages

in undue delay when seeking to amend and the defendant is prejudiced thereby, see In re

Merck & Co. v. Sec., Derivative, & ERISA Litig., 493 F.3d 393, 400 (3d Cir. 2007); Howze v.

Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir. 1984) (noting that "delay alone . . .

is an insufficient ground upon which to deny a motion to amend" and that "the touchstone is

whether the non-moving party will be prejudiced if the amendment is allowed"); Collins v.

City of Gloucester, No. Civ. A. 06-2589, 2008 WL 1374213, at *7 (D.N.J. Apr. 9, 2008) (quoting

Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir.1984)) ("The mere passage of time does not

require that a motion to amend a complaint be denied on grounds of delay."), that "at some

point, . . . delay . . . become[s] 'undue,' placing an unwarranted burden on the court, or . . . become[s] 'prejudicial,' placing an unfair burden on the opposing party," Cureton v. Nat'l Coll. Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2000) (quoting Adams, 739 F.2d at 868), and that the propriety of delay is evaluated in light of the reasons underlying the moving party's forbearance, see USX Corp. v. Barnhart, 395 F.3d 161, 168 (3d Cir. 2004), and the court concluding that delay in excess of fifteen months warrants denial of a motion to amend if the movant fails to explain the reasons therefor, see, e.g., Cureton, 252 F.3d at 273, 276 (upholding denial of post-judgment motion to amend complaint, because, in part, the facts supporting amendment were known to the plaintiff for two years prior to the attempt to amend); Hewlett-Packard Co. v. Arch Assocs., 172 F.R.D. 151, 154 (E.D. Pa. 1997) (denying leave to amend following fifteen-month delay, because the plaintiffs failed to amend due to inadvertence); Agostino Ferrari, S.p.A. v. Antonacci, 858 F. Supp. 478, 480 (E.D. Pa. 1994) (same), and the court further concluding that plaintiffs have not explained their failure to amend until twenty-six months following Bilt-Rite's issuance, that allowing plaintiffs to amend at this time could require reopening discovery and would necessitate issuance of a new case management schedule to permit defendants to file summary judgment motions with respect to the misrepresentation claim, that, at the time of Bilt-Rite's issuance, approximately two years remained until the close of discovery,[1] that motions for summary judgment on the misrepresentation claim could have been filed within the original case management schedule, that the instant matter is now poised to proceed to trial following disposition of the outstanding motion for reconsideration (Doc. 422) of the court's memorandum and order (Doc. 420) dated March 21, 2008, that granting plaintiffs' motion

---

[1]Discovery was originally scheduled to close on October 1, 2004.  (See Doc. 234 ¶ 1.) The court stayed discovery on September 22, 2004 during the pendency of mediation proceedings.  (See Doc. 276.)  At the close of medication, a revised case management order issued under which discovery closed on February 15, 2007.  (See Doc. 293 ¶ 1.)

would further forestall the pretrial schedule, see Long v. Wilson, 393 F.3d 390, 400 (3d Cir.

2004) (concluding that "significant[] delay in the resolution" of a case qualifies as prejudicial

when evaluating a motion to amend), that granting the motion would require the parties and

the court to expend significant additional resources to prepare for and defend the late-

arriving claim, see id. (identifying expenditure of significant additional resources as a source

of prejudice), and that plaintiffs could have avoided these adverse effects by seeking to

amend their complaint immediately following the issuance of Bilt-Rite, and the court finding

that an amendment would therefore result in unfair prejudice to defendants[2] and impose an

unwarranted burden upon the court, and that plaintiffs have engaged in undue delay in

seeking leave to amend,[3] see Arthur, 434 F.3d at 303, it is hereby ORDERED that:

1.      The motion (Doc. 413) for reconsideration and to amend is DENIED.

2.      A revised pretrial and trial schedule shall issue upon resolution of the pending
        unrelated motion for reconsideration.  (Doc. 422; Doc 285 in Acre v. Chase
        Manhattan Mortgage Corp, Civil Action No. 1:04-CV-0832).

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2]The length of plaintiffs' delay exceeds the statute of limitations applicable to the
negligent misrepresentation claim.  (See 412 at 4-5.)  While not dispositive of the Rule 15(a)
analysis, the length of this hiatus raises concerns such as deterioration of evidence and lapse
of witness memory.  The presence of these issues, which are similar to the policies
underlying the applicable limitations period, see Resolution Trust Corp. v. Farmer, 865 F.
Supp. 1143, 1152 (E.D. Pa. 1994), confirms that defendants would suffer prejudice were
plaintiffs permitted to amend at this late juncture.

[3]Plaintiffs argue that amendment is proper under Rule 15(c), which governs relation
back of an amended pleading to the date of the original pleading.  Rule 15(c) has no effect on
the *propriety* of a request to amend; rather, it governs the *effect* of an amended pleading
once leave has been granted.  See Arthur v. Maersk, Inc., 434 F.3d 196, 202-203 (3d Cir. 2006).
Requests for leave to amend are governed by Rule 15(a).  Id.; In re FleetBoston Fin. Corp.
Sec. Litig., No. Civ. A. 02-4561, 2007 WL 4225832, at *28 n.40 (D.N.J. Nov. 28, 2007)
("Plaintiffs cannot utilize the "relation back" doctrine derived from Rule 15(c) to avoid the
equitable considerations of Rule 15(a).").  In light of the denial of leave to amend under Rule
15(a), the court need not address plaintiffs' contention that the amended complaint relates
back to the original pleading under Rule 15(c).