# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDDIE and SHARON LESTER**, *et al.* | : | **CIVIL ACTION NO. 3:01-CV-1182** |
| Plaintiffs | : | (Chief Judge Conner) |
| v. | : | |
| **GENE PERCUDANI**, *et al.* | : | |
| Defendants | : | |

-------------------------------------------------------------------------------

| | | |
|---|---|---|
| **PABLO ACRE**, *et al.*, | : | **CIVIL ACTION NO. 1:04-CV-0832** |
| Plaintiffs | : | (Chief Judge Conner) |
| v. | : | |
| **CHASE MANHATTAN MORTGAGE CORP.**, *et al.* | : | |
| Defendants | : | |

## <u>MEMORANDUM</u>

Presently before the court are cross-motions (Case No. 3:01-CV-1182, Docs. 515, 517; Case No. 1:04-CV-0832, Docs. 383, 385) to enforce a settlement agreement entered into between plaintiffs and the Percudani defendants, Gene Percudani, Chapel Creek Homes, Inc., Raintree Homes, Inc., Homes by Vintage, Inc., Y-Rent, Inc., and Chapel Creek Mortgage Banker, Inc. (hereinafter "defendants"). This motion comes to the court on remand from the Third Circuit Court of Appeals with instructions to make additional findings concerning whether plaintiffs have fully complied with their obligations under the parties' settlement agreement to provide defendants with certain bankruptcy orders. For the reasons that follow, the court

will order plaintiffs to provide bankruptcy orders from the bankruptcy cases of Odell and Stacy Harrison, Robert and Sylvia Johnson, and Richard and Mary Negron. The court will further order plaintiffs to provide defendants new releases from Pedro and Olga Caban, Carol Thompson, and Bernice Williams.

### I.     **Background and Procedural History**[1]

Lead plaintiffs Eddie and Sharon Lester, on behalf of a plaintiff class, commenced a class action against real estate developer Gene Percudani and multiple defendants on June 28, 2001. (See Case No. 3:01-CV-1182, Doc. 1). After dismissal of the class action, on April 16, 2004, plaintiffs Pablo and Ivette Acre, along with over 150 others, pursued a civil action against defendants and Chase Manhattan Mortgage Corporation ("Chase"), William K. Spaner, and Dominick P. Stranieri. (Case No. 1:04-CV-0832, Doc. 1). The parties reached an oral settlement agreement on or about February 10, 2009, in which defendants agreed to pay plaintiffs a sum of $300,000 in return for a release of all claims by plaintiffs against defendants. (Case No. 3:01-CV-1182, Doc. 525 at 8; Case No. 1:04-CV-832, 393 at 8). On February 20, 2009, the court issued an order (Case No. 3:01-CV-1182, Doc. 474; Case No. 1:04-CV-0832, Doc. 331) staying the case and closing it for statistical purposes only in light of the agreement. Thereafter, plaintiffs' counsel began the

---

[1] A more extensive discussion of the facts of this case may be found in the court's memorandum and order dated December 8, 2011 (see Case No. 3:01-CV-1182, Doc. 525; Case No. 1:04-CV-0832, Doc. 393), and in the opinion of the Third Circuit dated February 27, 2013 (see Case No. 3:01-CV-1182, Doc. 538; Case No. 1:04-CV-0832, Doc. 403), familiarity with which is presumed.

2

process of securing written releases from plaintiffs regarding the settlement of claims against defendants. After considerable delay, the parties executed a written settlement agreement on September 3, 2010. (Case No. 3:01-CV-1182, Doc. 511; Case No. 1:04-CV-0832, Doc. 380)

On June 9, 2011, plaintiffs filed a motion (Case No. 3:01-CV-1182, Doc. 515; Case No. 1:04-CV-0832, Doc. 383) to enforce the settlement agreement. Defendants filed a cross-motion (Case No. 3:01-CV-1182, Doc. 517; Case No. 1:04-CV-0832, Doc. 385) to enforce the settlement agreement on June 10, 2011, in opposition to plaintiff's motion. The principal issue addressed in these motions was whether plaintiffs had provided all required releases and bankruptcy orders in accordance with the terms of the settlement agreement. (See Case No. 3:01-CV-1182, Doc. 515 Ex. D, Doc. 516 at 2; Case No. 1:04-CV-0832, Doc. 383 Ex. D, Doc. 384 at 2). On December 8, 2011, the court granted plaintiffs' motion to enforce the settlement agreement. (Case No. 3:01-CV-1182, Doc. 525; Case No. 1:04-CV-0832, Doc. 393). The court found as a factual matter that defendants received all the required releases, and rejected defendants' challenges to the wording of the releases. (Id.) The court also rejected defendants' assertion that plaintiffs violated the express terms of the settlement agreement by asking the parties to sign releases when negotiations of the settlement agreement were still ongoing. (Case No. 3:01-CV-1182, Doc. 525 at 11; Case No. 1:04-CV-0832, Doc. 393 at 11). The court reasoned that plaintiffs' counsel began obtaining signed releases after reaching an oral settlement agreement with defendants on February 10, 2009, and that "it is of no

3

moment that a written agreement was not yet executed." (Id.)  Defendants appealed.

The Third Circuit largely affirmed the court's decision, except for one caveat: it could not determine whether plaintiffs provided all required bankruptcy orders to defendants.  (Case No. 3:01-CV-1182, Doc. 538-1; Case No. 1:04-CV-0832, Doc. 403-1). The Third Circuit remanded, and it instructed this court to make additional factual findings or to explain its conclusions concerning whether purportedly "missing" bankruptcy orders were required.  (Id.)

In their original briefing, defendants provided a list of eleven individuals and thirteen couples who defendants claimed had not provided a bankruptcy order.[2] (See Case No. 3:01-CV-1182, Doc. 518 ¶ 5, Ex. A; Case No. 1:04-CV-832, Doc. 386 ¶ 5, Ex. A; Doc. 388, Ex. E).  Upon remand, the court ordered defendants to file a memorandum identifying all plaintiffs for whom there are deficiencies in the settlement documentation, i.e., missing releases or bankruptcy orders.  (Case No. 3:01-CV-1182, Doc. 541; Case No. 1:04-CV-832, Doc. 406).  In lieu of a memorandum, defendants' counsel wrote a letter to the court listing a variety of complaints

---

[2] The original list of missing bankruptcy orders included the following plaintiffs: Joy Arcia, Floyd and Merlyn Bennett, Stanley Boots, Pedro Caban, Olga Caban, Francis and Marisol Corchado, Louise and Ambrose Devaux, Vincent and Michelle Dezonie, Luis and Grace Gonzalez, Odell and Stacey Harrison, Christopher and Tania Hendricks, Robert and Sylvia Johnson, Jeffrey and Miriam Krisiak, Bernard Lewis, Joseph and Grace Mahama, Richard and Mary Negron, Robert C. Nichols, Anthony and Evelyn Sanchez, Diana Stanley, Carolyn and Dwayne Thompson, Bernice Williams, Camille Williams, John Williams III, and Robert Hercules.  (See Case No. 3:01-CV-1182, Doc. 518 ¶ 5 Ex. A; Case No. 1:04-CV-832, Doc. 386 ¶ 5 Ex. A, Doc. 388 Ex. E).

4

regarding the settlement documentation for fifteen individuals and twenty-two couples.  (See Case No. 3:01-CV-1182, Doc. 543; Case No. 1:04-CV-832, Doc. 407). The letter is anomalous because the Third Circuit's opinion had foreclosed most of the complaints set forth therein.  The letter is also somewhat confounding because it identifies several plaintiffs who were not included on defendants' original list of missing bankruptcy orders[3] *and* omits several plaintiffs who were included on defendants' original list of missing bankruptcy orders.[4]  In light of the inconsistencies hereinabove described, the court directed defendants to clarify their position and to omit any names foreclosed by the Third Circuit's opinion.  (Case No. 3:01-CV-1182, Doc. 547; Case No. 1:04-CV-0832, Doc. 408).  The court also directed defendants to respond to plaintiffs' assertion that certain bankruptcy orders were unnecessary by operation of law.  (Id.)  Unfortunately, defendants' reply did not explain the additions or omissions and failed to address two individuals who were

---

[3] Defendants included the following plaintiffs in their letter, but not in their original list of missing bankruptcy orders: Robin Altenor, Terry and Flordaliza Burdick, Luis and Amalia Domenech, Merlyn Lewis, and Sharon Warburton. (Compare Case No. 3:01-CV-1182, Doc. 543; Case No. 1:04-CV-832, Doc. 407 with Case No. 3:01-CV-1182, Doc. 518 ¶ 5, Ex. A; Case No. 1:04-CV-832, Doc. 386 ¶ 5, Ex. A; Doc. 388, Ex. E).

[4] Defendants included the following plaintiffs in their original list of missing bankruptcy orders, but not in their letter: Floyd and Merlyn Bennett, Louise and Ambrose Devaux, Robert C. Nichols, and John Williams III.  (Compare Case No. 3:01-CV-1182, Doc. 543; Case No. 1:04-CV-832, Doc. 407 with Case No. 3:01-CV-1182, Doc. 518 ¶ 5, Ex. A; Case No. 1:04-CV-832, Doc. 386 ¶ 5, Ex. A; Doc. 388, Ex. E).

5

included in their letter but not in their original list of missing bankruptcy orders.[5] Despite these anomalies, the court has conducted a thorough review of the record, and the court concludes that this matter is ripe for disposition.

## II. Discussion

The court must first determine the specific plaintiffs for whom there are still alleged deficiencies in the bankruptcy order documentation. The court concludes that defendants are satisfied with the bankruptcy order documentation for those plaintiffs who were identified in defendants' original list but subsequently omitted from their letter following remand, namely, Floyd and Merlyn Bennett, Louise and Ambrose Devaux, Robert C. Nichols, and John Williams III. The court also concludes that defendants waived their concerns regarding the plaintiffs who were not included in defendants' original list of missing bankruptcy orders, namely, Robin Altenor, Terry and Flordaliza Burdick, Luis and Amalia Domenech, Merlyn Lewis, and Sharon Warburton. Finally, in the course of providing the court with supplemental briefing, it is apparent that the parties resolved their dispute concerning the settlement documentation for Fran and Robert Hercules. (See Case No. 1:01-CV-1182, Doc. 543 at 7, Doc. 546 at 11, Doc. 546-1 Ex. H, Doc. 548 at 8; Case No. 1:04-CV-0832, Doc. 407 at 7).

---

[5] Those two individuals are Robin Altenor and Sharon Warburton. (Compare Case No. 3:01-CV-1182, Doc. 543; Case No. 1:04-CV-832, Doc. 407 with Case No. 3:01-CV-1182, Doc. 518 ¶ 5 Ex. A, Doc. 548; Case No. 1:04-CV-832, Doc. 386 ¶ 5 Ex. A, Doc. 388 Ex. E).

6

Documentation for the following plaintiffs – listed alphabetically – remains at issue: Joy Arcia, Stanley Boots, Pedro and Olga Caban, Francis and Marisol Corchado, Vincent and Michelle Dezonie, Luis and Grace Gonzalez, Odell and Stacy Harrison, Christopher and Tania Hendricks, Robert and Sylvia Johnson, Jeffrey and Miriam Krisiak, Bernard Lewis, Joseph and Grace Mahama, Richard and Mary Negron, Anthony and Evelyn Sanchez, Diana Stanley, Carol and Dwayne Thompson, Bernice Williams, and Camille Williams.[6]

As a preliminary matter, a bankruptcy estate generally includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This definition includes the debtor's interest in a cause of action. Kollar v. Miller, 176 F.3d 175, 178 (3d Cir. 1999). Neither party disputes that each plaintiff's bankruptcy estate initially encompassed the cause of action governed by the subject settlement. When a individual debtor's cause of action belongs to the bankruptcy estate, the bankruptcy trustee has exclusive standing to assert the claim. Matter of Educators Group Health Trust, 25 F.3d 1281, 1284 (5th Cir. 1994).

Property of the bankruptcy estate will remain as such unless it is either administered or abandoned. 11 U.S.C. § 554(d). Under § 554(a), the bankruptcy trustee may abandon any property of the estate that is burdensome or of

---

[6] The court notes several discrepancies in the spelling of these plaintiffs' names in the parties' submissions. The court has endeavored to spell each plaintiff's name as it appears in the case caption on the docket for Case No. 1:04-CV-0832.

inconsequential value after notice and a hearing. Under § 554(b), the bankruptcy court may order the trustee to abandon any property of the estate that is burdensome or of inconsequential value upon request of a party in interest and after notice and a hearing.[7] Section 554(c) provides that property appropriately scheduled under 11 U.S.C. § 521(a)(1) that is not administered at the close of the bankruptcy case is abandoned to the debtor and administered pursuant to 11 U.S.C. § 350. If a debtor never listed the cause of action as an asset on the debtor's schedules, that cause of action cannot be abandoned pursuant to § 554. See Krank v. Utica Mut. Ins. Co., 109 B.R. 668, 669 (E.D. Pa. 1990), *aff'd*, 908 F.2d 962 (3d Cir. 1990).

Plaintiffs allege that a number of plaintiffs were not required to provide bankruptcy orders because the trustee or the court abandoned the plaintiffs' claims in the litigation pursuant to 11 U.S.C. § 554(a) or (b). (Case No. 3:01-CV-1182, Doc. 546). Plaintiffs also contend that several plaintiffs did not need to provide bankruptcy orders due to the timing of their bankruptcy action. (Id.) The court will address each contention in turn.

### A. Abandonment via 11 U.S.C. § 554(a)

Plaintiffs allege that eight couples and one individual did not need to provide bankruptcy orders because their respective bankruptcy trustees abandoned the

---

[7] Under either § 554(a) or (b), a hearing is not necessarily required if notice is given properly and a party in interest does not timely request such a hearing. 11 U.S.C. § 102.

8

claims under § 554(a).[8]  (Case No. 3:01-CV-1182, Doc. 546 Ex. E).  In support, plaintiffs present correspondence in which the trustees indicate that they do not intend to pursue the claims against defendants as part of the bankruptcy estates. Specifically, the trustees state that they would not object if plaintiffs filed motions with the court.  (Id.)  Defendants contend that the claims were never properly abandoned pursuant to § 554(a) because neither the trustees nor the plaintiffs ever filed motions to compel abandonment and because the statutorily required "notice and hearing" was never provided.  (Case No. 3:01-CV-1182, Doc. 548).

Upon review of the plaintiffs' bankruptcy case dockets, the court concludes that the trustees never initiated the abandonment of the claims under § 554(a).  (See Case No. 5:02-BK-688; Case No. 5:04-BK-56207; Case No. 5:04-BK-52703; Case No. 5:05-BK-53783; Case No. 5:99-BK-2643; Case No. 5:09-BK-1219; Case No. 5:98-BK-1210; Case No. 5:00-BK-3730; Case No. 5:02-BK-1729).  In fact, the correspondence from the trustees merely indicates that they would not have objected if plaintiffs filed motions for court approval of the settlement, not that they intended to abandon the claims themselves.  (See Case No. 3:01-CV-1182, Doc. 546 Ex. E). Moreover, there is no indication from the record that the trustees provided notice and the opportunity for a hearing.  The trustees did not abandon these plaintiffs'

---

[8] Those plaintiffs are Pedro and Olga Caban, Vincent and Michelle Dezonie, Odell and Stacy Harrison, Christopher and Tania Hendricks, Robert and Sylvia Johnson, Joseph and Grace Mahama, Richard and Mary Negron, Carol and Dwayne Thompson, and Bernice Williams.  (Case No. 3:01-CV-1182, Doc. 546 at 6-12, 14-15, 17-19).

9

claims under § 554(a), and the court must order these plaintiffs to provide bankruptcy orders absent some other operation of law.

Under § 554(c), any scheduled property that is not administered at the close of the bankruptcy case is abandoned and no longer considered property of the bankruptcy estate. Similarly, the dismissal of a bankruptcy case "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." 11 U.S.C. § 349(b)(3); *In re* Van Stelle, 354 B.R. 157, 167-68 (Bankr. W.D. Mich. 2006) (stating that the term "revest" as used in § 349(b)(3) means "the absolute transfer out of the estate of whatever interests" were part of the bankruptcy estate by operation of the Bankruptcy Code). In other words, the dismissal or closure of a bankruptcy case extinguishes the bankruptcy estate and negates any need for a bankruptcy order.

Thus, pursuant to § 554(c), bankruptcy orders are not required from the plaintiffs whose bankruptcy cases are closed,[9] provided that each plaintiff's claim was a properly scheduled asset of the plaintiff's bankruptcy estate. Additionally, pursuant to § 349(b)(3), plaintiff Bernice Williams need not provide a bankruptcy order because her case was dismissed on September 28, 2011, for material default. (Case No. 5:09-BK-1219, Doc. 57).

---

[9] The following plaintiffs' bankruptcy cases are closed: Pedro and Olga Caban, Vincent and Michelle Dezonie, Christopher and Tania Hendricks, Joseph and Grace Mahama, and Carol and Dwayne Thompson. (See Case No. 5:02-BK-688 (closed March 14, 2011); Case No. 5:04-BK-56207 (closed June 21, 2010); Case No. 5:04-BK-52703 (closed June 17, 2009); Case No. 5:05-BK-53783 (closed September 16, 2010); Case No. 5:99-BK-2643 (closed June 18, 2012).

10

Defendants aver that bankruptcy orders are nevertheless required from the closed bankruptcy cases because those plaintiffs amended their schedules to include only their settlement with Chase, not their separate settlement with defendants. (Case No. 3:01-CV-1182, Doc. 548). Defendants argue that plaintiffs' respective claims to the litigation were not properly included in their respective bankruptcy estates, and could not be abandoned under § 554. Defendants emphasize that the schedule amendments could not pertain to the plaintiffs' settlement with them because the amendments occurred prior to September 3, 2010, when plaintiffs finalized their settlement with defendants. (Id.)

Defendants' assertions are unavailing. The asset listed in each plaintiff's amended schedule does not explicitly differentiate between the different defendants involved in the lawsuit. (See Case No. 5:02-BK-688, Doc. 57 ("Acre, et al v. Chase Manhattan Mort. Corp, et al Case No. 1-04-CV-832"); Case No. 5:04-BK-56207, Docs. 123, 124 ("Potential Claim for Damages in Federal law-suit filed against Gene Percadani [sic], Y Rent, et al."); Case No. 5:04-BK-52703, Doc. 49 ("Pablo and Ivette Acre, et al. v. Chase Manhattan Mortage. Pending Lawsuit."); Case No. 5:05-BK-53783, Doc. 30 ("Acre, et al v. Chase Manhattan Mort. Corp., et al Case No. 1-04-CV-832"; Case No. 5:99-BK-2643, Docs. 44, 97 ("Acre, et al v. Chase Manhattan Mort. Corp., et al Case No. 1-04-CV-832")). Defendants argue that the scheduled assets refer only to the plaintiffs' settlement with Chase rather than the full value of their claim. To the contrary, most of the schedules instructed the plaintiffs to merely provide the "estimated" or "current" value of their claims. (See Case No. 5:02-BK-

11

688, Doc. 57; Case No. 5:05-BK-53783, Doc. 30; Case No. 5:04-BK-52703, Doc. 49; Case No. 5:99-BK-2643, Docs. 44, 97). Indeed, one plaintiff listed the value of the asset as "unknown." (See Case No. 5:04-BK-56207, Docs. 123, 124). The plaintiffs' schedule amendments may have been filed prior to September 3, 2010, the date the settlement with defendants was finalized, but they were prepared *after* February 10, 2009, the date of the parties' oral settlement agreement. The court has already determined – and the Third Circuit affirmed – that "it is of no moment that a written agreement was not yet executed" when plaintiffs began gathering the necessary documentation for settlement. (Case No. 3:01-CV-1182, Doc. 525 at 11; Case No. 1:04-CV-0832, Doc. 393 at 11).

Therefore, plaintiffs do not have to provide bankruptcy orders from the bankruptcy cases of Pedro and Olga Caban, Vincent and Michelle Dezonie, Christopher and Tania Hendricks, Joseph and Grace Mahama, Carol and Dwayne Thompson, and Bernice Williams. However, plaintiffs must provide bankruptcy

orders for Odell and Stacy Harrison, Robert and Sylvia Johnson,[10] and Richard and Mary Negron, because their respective bankruptcy cases are still open, and their claims to the litigation remain property of the bankruptcy estate. (See Case No. 5:98-BK-1210; See Case No. 5:00-BK-3730, Case No. 5:02-BK-1729).

The court recognizes that its holding casts doubt on the enforceability of certain plaintiffs' releases: if plaintiffs signed a release before the plaintiff's claim to the litigation was abandoned as property of the bankruptcy estate, the release is not valid or enforceable. See, e.g., *In re* DeGroot, 460 B.R. 159, 166 (Bankr. W.D. Mich. 2011), *aff'd*, 484 B.R. 311 (6th Cir. BAP 2012) (holding that a debtor had no right to release his claim for payment of a prepetition receivable when the prepetition receivable was included as property of the bankruptcy estate); *In re* Rothwell, 159 B.R. 374, 377 (Bankr. D. Mass. 1993) (noting that a debtor is not free to dispose of a cause of action until the bankruptcy trustee abandons it). Accordingly, the court

---

[10] There is some question as to whether a bankruptcy order for the Johnsons is strictly necessary because the bankruptcy trustee filed a final report and account on November 16, 2010, asserting that the estate was fully administered. (See Case No. 5:00-BK-3730, Doc. 52). Pursuant to Federal Rule of Bankruptcy Procedure 5009, when a trustee files a final report and account certifying that the estate has been fully administered, and the United States trustee does not file an objection within 30 days, there is a presumption that the estate has been fully administered. If the Johnson's bankruptcy estate has been fully administered, it logically follows that their claim against defendants is no longer part of the bankruptcy estate. See 11 U.S.C. § 554(d). But see *In re* Beaton, 211 B.R. 755 (Bkr. N.D. Ala. 1997) (holding that even if Rule 5009 altered the meaning of abandonment of property under 11 U.S.C. § 554, this would create a conflict and the bankruptcy code provision would prevail). Nevertheless, plaintiffs do not argue that the Johnsons effectively abandoned their claim on this ground, and so the court declines to analyze the issue further.

13

must compare the date that these plaintiffs signed their releases and the date their claim was no longer property of the bankruptcy estate. Vincent and Michelle Dezonie, Christopher and Tania Hendricks, and Joseph and Grace Mahama all signed their releases after their claim was no longer property of the bankruptcy estate. (Compare Case No. 3:01-CV-1182, Doc. 515-9 Ex. D; Case No. 1:04-CV-0832, Doc. 383 Ex. D with Case No. 5:04-BK-56207; Case No. 5:04-BK-52703; Case No. 5:00-BK-3730; Case No. 5:05-BK-53783). Pedro and Olga Caban, Carol Thompson,[11] and Bernice Williams all signed their releases before the close or dismissal of their bankruptcy cases. (Compare Case No. 3:01-CV-1182, Doc. 515-9 Ex. D; Case No. 1:04-CV-0832, Doc. 383 Ex. D with Case No. 5:02-BK-688; Case No. 5:99-BK-2643; Case No. 5:09-BK-1219). These plaintiffs did not have authority to sign releases because their respective interests in the litigation were still part of a bankruptcy estate. Thus, plaintiffs must provide defendants new releases from Pedro and Olga Caban, Carol Thompson, and Bernice Williams.

---

[11] A letter from plaintiff's counsel, David M. Cedar, Esquire, indicates that Dwayne Thompson is missing, has a child support judgment against him, and lost possession of the home to his ex-wife, Carol Thompson. (Case No. 3:01-CV-1182, Doc. 515-10, Ex. E; Case No. 3:04-CV-0832, Doc. 383, Ex. E). The court was unable to find a release in the record for Dwayne Thompson, but defendants did not raise this issue as a deficiency in the settlement documentation.

In summary, plaintiffs must provide bankruptcy orders for Odell and Stacy Harrison, Robert and Sylvia Johnson and Richard and Mary Negron.[12] Bankruptcy orders from Pedro and Olga Caban, Carol Thompson, and Bernice Williams are not required, but these plaintiffs must provide defendants new releases. The court does not require any further documentation from Vincent and Michelle Dezonie, Christopher and Tania Hendricks, and Joseph and Grace Mahama.

### B. Abandonment via 11 U.S.C. § 554(b)

Plaintiffs allege that three couples and one individual are not required to provide bankruptcy orders because the bankruptcy court deemed the litigation an abandoned asset in their bankruptcy actions pursuant to § 554(b).[13] (See Case No. 3:01-CV-1182, Doc. 546, Exs. D, F, G, I). Defendants contend that § 554(b) does not apply because these plaintiffs amended their schedules to include only their settlement with Chase, not their settlement with defendants. (Case No. 3:01-CV-1182, Doc. 548). Defendants emphasize that the schedule amendments could not pertain to the plaintiffs' settlements with defendants because the amendments occurred prior to September 3, 2010, the date the settlement was finalized. (Id.)

---

[12] These plaintiffs' releases are invalid because they executed the releases when their interests in the litigation were actually part of the bankruptcy estates. These plaintiffs need not provide new releases in addition to the bankruptcy orders. The Third Circuit explicitly held that plaintiffs had to provide one or the other, but not both. (See Case No. 3:01-CV-1182, Doc. 538-1 at 6 n.2; Case No. 1:04-CV-0832, Doc. 403-1 at 6 n.2).

[13] Those plaintiffs are Stanley Boots, Francis and Marisol Corchado, Luis and Grace Gonzalez, and Jeffrey and Miriam Krisiak. (Case No. 3:01-CV-1182, Doc. 546).

15

Defendants' assertions are without merit.  Similar to the plaintiffs discussed *supra*, each of the plaintiffs' amended schedules listed the asset as "*Pablo Acre and Ivette Acre et al v. Chase Manhattan Mortgage Corp. et al*, case no. 1-04-CV-832." (See Case No. 5:01-BK-3706, Doc. 44; Case No. 5:02-BK-4522, Doc. 21; Case No. 5:98-BK-1260, Doc. 11; Case No. 04-BK-54395, Doc. 23).  The plaintiffs' amended schedules do not differentiate between the different defendants involved in the lawsuit.  Further, each plaintiff's motion to compel abandonment referred to the monetary value listed in the amended schedule "as the value of" the debtor's claim in the entire litigation, absent "legal fees and costs."  (See Case No. 5:01-BK-3706, Doc. 45; Case No. 5:02-BK-4522, Doc. 27; Case No. 5:98-BK-1260, Doc. 12; Case No. 04-BK-54395, Doc. 24).  Additionally, in their motions, plaintiffs used the term "Pocono Litigation" to refer to the entire suit, and the court used plaintiffs' proposed orders to deem the "Pocono Litigation" abandoned.  (See Case No. 5:01-BK-3706, Doc. 52; Case No. 5:02-BK-4522, Doc. 33; Case No. 5:98-BK-1260, Doc. 17; Case No. 04-BK-54395, Doc. 33).  As previously observed with respect to other parties, these plaintiffs' schedule amendments and motions to compel were filed *after* February 10, 2009, the date of the parties' oral settlement agreement.  (See Case No. 5:01-BK-3706, Docs. 44, 45; Case No. 5:02-BK-4522, Docs. 21, 27; Case No. 5:98-BK-1260, Docs. 11, 12; Case No. 04-BK-54395, Docs. 23, 24).  Hence, the court finds that bankruptcy orders are not required in the cases of Stanley Boots, Francis and Marisol Corchado, Luis and Grace Gonzalez, and Jeffrey and Miriam Krisiak.

## C. Timing of Bankruptcy Action

Finally, plaintiffs aver that bankruptcy orders are not necessary from the remaining plaintiffs[14] as a result of the unique timing of their bankruptcy actions. First, plaintiffs claim that bankruptcy orders are not required from Joy Arcia, Bernard Lewis, and Anthony and Evelyn Sanchez because these plaintiffs were discharged from bankruptcy (without any distribution of their assets) several years prior to the settlement. (Case No. 3:01-CV-1182, Doc. 546). Bankruptcy orders are not required from these plaintiffs because their bankruptcy estates are fully administered and closed. (See Case No. 5:07-BK-50426 (closed June 11, 2007); Case No. 5:04-BK-52678 (closed September 2, 2004); Case No. 5:01-BK-1622 (closed April 15, 2010)). Clearly, these plaintiffs' claims to the litigation are abandoned and no longer part of the bankruptcy estate pursuant to § 554(c).

Defendants repeat the now familiar refrain that § 554(c) cannot apply because plaintiffs only scheduled their potential claim from Chase. (Case No. 3:01-CV-1182, Doc. 548). The court finds this argument unavailing for the same reasons discussed *supra*. Indeed, the schedules of Joy Arcia and Bernard Lewis specifically reference defendant Gene Percudani. (See Case No. 5:07-BK-50426, Doc. 16 (listing "[p]otential claim against Chase Manhattan Mortgage/Percondini [sic]"); Case No. 5:04-BK-52678, Doc. 1 (listing "RICO & Fraud Claim v. Percedani [sic], et al"). The

---

[14] The remaining plaintiffs with contested settlement documentation are Joy Arcia, Bernard Lewis, Anthony and Evelyn Sanchez, Diana Stanley, and Camille Williams.

17

court finds that bankruptcy orders are not necessary from Joy Arcia, Bernard Lewis, and Anthony and Evelyn Sanchez.[15]

Further, plaintiffs aver that a bankruptcy order was not required for Diana Stanley because Ms. Stanley filed for bankruptcy *after* she signed a release. (See Case No. 3:01-CV-1182, Doc. 546 at 17). Plaintiffs attached a certification from plaintiffs' counsel, David M. Cedar, Esquire, confirming this sequence of events. (See Case No. 3:01-CV-1182, Doc. 546-1, Ex. N, N-1, N-2). Defendants do not dispute plaintiffs' assertion. (Case No. 3:01-CV-1182, Doc. 548 at 13). Thus, Ms. Stanley no longer possessed a legal interest in the cause of action against defendants at the commencement of her bankruptcy case. See 11 U.S.C. § 541(a)(1) (stating that property of the bankruptcy estate only encompasses "all legal or equitable interests of the debtor in property *as of the commencement of the case*") (emphasis added). The court agrees with plaintiffs' counsel that a bankruptcy order is not required under these circumstances.

---

[15] New releases are also not required from any of these plaintiffs because they signed their releases after their estates were fully administered and their cases were closed. (Compare Case No. 3:01-CV-1182, Doc. 515-9, Ex. D; Case No. 1:04-CV-0832, Doc. 383, Ex. D with Case No. 5:07-BK-50426; Case No. 5:01-BK-1622; Case No. 5:04-BK-52678). Bernard Lewis' case had been reopened when he signed his release, but the court reopened it by mistake and promptly closed it with no additional scheduled assets or administration. (See Case No. 5:04-BK-52678, Docs. 19, 24). The cause of action remained abandoned and was not part of the bankruptcy estate at the time he signed his release. See *In re* Goswami, 304 B.R. 386, 392 (9th Cir. BAP 2003) (stating that property abandoned under § 554(c) "is not automatically reeled back in" if the case is reopened) (quoting *In re* Menk, 241 B.R. 896, 914 (9th Cir. BAP 1999); *In re* DeVore, 223 B.R. 193, 198 (9th Cir. BAP 1998) ("We fail to see how the reopening of a bankruptcy case and withdrawal of a no asset report, without more, negate a valid technical abandonment.").

Finally, plaintiffs contend that a bankruptcy order was not required for Camille Williams because her Chapter 13 bankruptcy case was dismissed in 2004 due to the court's inability to confirm the plan. (Case No. 3:01-CV-1182, Doc. 546 at 19, Doc. 546-1 Ex. O and P; Case No. 03-BK-54517, Doc. 22). Dismissal of a bankruptcy case "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." 11 U.S.C. § 349(b)(3). In other words, the dismissal of Ms. Williams' bankruptcy case extinguished the bankruptcy estate; therefore, no bankruptcy order is required.

## III. Conclusion

For the foregoing reasons, the court finds that no further documentation is required for Joy Arcia, Stanley Boots, Francis and Marisol Corchado, Vincent and Michelle Dezonie, Luis and Grace Gonzalez, Christopher and Tania Hendricks, Jeffrey and Miriam Krisiak, Bernard Lewis, Joseph and Grace Mahama, Anthony and Evelyn Sanchez, Diana Stanley, and Camille Williams. Plaintiffs must obtain bankruptcy orders from the bankruptcy cases of Odell and Stacy Harrison, Robert and Sylvia Johnson, and Richard and Mary Negron. New releases are required from Pedro and Olga Caban, Carol Thompson, and Bernice Williams. An appropriate order follows.

       /S/ CHRISTOPHER C. CONNER
       CHRISTOPHER C. CONNER
       Chief Judge, Middle District of Pennsylvania

Dated:     October 11, 2013