# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDDIE and SHARON LESTER**, *et al.*, | : | **CIVIL ACTION NO. 3:01-CV-1182** |
|     **Plaintiffs** | : | |
| | : | **(Chief Judge Conner)** |
|     v. | : | |
| | : | |
| **GENE PERCUDANI**, *et al.*, | : | |
|     **Defendants** | : | |

---

| | | |
|---|---|---|
| **PABLO ACRE**, *et al.*, | : | **CIVIL ACTION NO. 1:04-CV-0832** |
|     **Plaintiffs** | : | |
| | : | **(Chief Judge Conner)** |
|     v. | : | |
| | : | |
| **CHASE MANHATTAN** | : | |
| **MORTGAGE CORP.**, *et al.*, | : | |
|     **Defendants** | : | |

# ORDER

AND NOW, this 27th day of November, 2013, upon consideration of defendants' motion (Case No. 3:01-CV-1182, Doc. 560) for attorneys' fees and sanctions, wherein defendants Gene Percudani, Chapel Creek Homes, Inc., Raintree Homes, Inc., Homes by Vintage, Inc., Y-Rent, Inc., and Chapel Creek Mortgage Banker, Inc. (hereinafter "defendants") seek attorneys' fees of $39,114.73 and sanctions of double that amount, and the court recognizing that it has the inherent power to impose sanctions, such as attorneys' fees, when a party has unreasonably multiplied proceedings or otherwise acted in "bad faith, vexatiously, wantonly, or for oppressive reasons," Hobbs & Co. v. Am. Investors Mgmt., Inc., 576 F.2d 29, 35 n.18 (3d Cir. 1978); see also 28 U.S.C. § 1927; Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991), and the court determining that such an award is not

warranted in the instant matter,[1] it is hereby ORDERED that defendants' motion (Case No. 3:01-CV-1182, Doc. 560) is DENIED.

        /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] Defendants assert that plaintiffs acted in bad faith by representing in their motion to enforce the parties' settlement agreement (Case No. 3:01-CV-1182, Doc. 515; Case No. 1:04-CV-0832, Doc. 383) that they had obtained all of the required bankruptcy orders and releases. Defendants point to this court's recent memorandum and order (Case No. 3:01-CV-1182, Docs. 554, 555; Case No. 1:04-CV-0832, Docs. 410, 411), which directs plaintiffs to provide a few new releases and additional bankruptcy orders prior to final enforcement of the settlement agreement, as evidence that plaintiffs acted in bad faith. However, the court only determined that a few new releases and additional bankruptcy orders were necessary after a rather detailed review of the particular plaintiff's unique circumstances. The court ultimately determined that plaintiffs' position was incorrect, but that determination does not equate to a finding that plaintiffs' position was taken in bad faith or for the purpose of multiplying the proceedings.