# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDDIE and SHARON LESTER**, *et al.*, | : | **CIVIL ACTION NO. 3:01-CV-1182** |
| Plaintiffs | : | |
| | : | **(Chief Judge Conner)** |
| v. | : | |
| | : | |
| **GENE PERCUDANI**, *et al.*, | : | |
| Defendants | : | |

-----------------------------------------------------

| | | |
|---|---|---|
| **PABLO ACRE**, *et al.*, | : | **CIVIL ACTION NO. 1:04-CV-0832** |
| Plaintiffs | : | |
| | : | **(Chief Judge Conner)** |
| v. | : | |
| | : | |
| **CHASE MANHATTAN** | : | |
| **MORTGAGE CORP.**, *et al.*, | : | |
| Defendants | : | |

## **MEMORANDUM**

Presently before the court is a motion (Case No. 3:01-CV-1182, Doc. 557) to release the supersedeas bond filed by Gene Percudani, Chapel Creek Homes, Inc., Raintree Homes, Inc., Homes by Vintage, Inc., Y-Rent, Inc., and Chapel Creek Mortgage Banker, Inc. (hereinafter "defendants"). For the reasons that follow, the court will release the supersedeas bond, but require defendants' counsel, Marshall Anders, Esquire ("Attorney Anders") to hold the funds in escrow until plaintiffs have provided all of the remaining settlement documentation contemplated by this court's memorandum of October 11, 2013 (Case No. 3:01-CV-1182, Doc. 555; Case No. 1:04-CV-832, Doc. 411).

I.   **Factual Background**[1]

Lead plaintiffs Eddie and Sharon Lester, on behalf of a plaintiff class, commenced a class action against real estate developer Gene Percudani and multiple defendants on June 28, 2001.  (See Case No. 3:01-CV-1182, Doc. 1).  After dismissal of the class action, on April 16, 2004, plaintiffs Pablo and Ivette Acre, along with over 150 others, pursued a civil action against defendants and Chase Manhattan Mortgage Corporation ("Chase"), William K. Spaner, and Dominick P. Stranieri.  (Case No. 1:04-CV-0832, Doc. 1).  The parties reached an oral settlement agreement on or about February 10, 2009, in which defendants agreed to pay plaintiffs a sum of $300,000 in return for a release of all claims by plaintiffs against defendants.  (Case No. 3:01-CV-1182, Doc. 525 at 8; Case No. 1:04-CV-832, 393 at 8).  On February 20, 2009, the court issued an order (Case No. 3:01-CV-1182, Doc. 474; Case No. 1:04-CV-0832, Doc. 331) staying the case and closing it for statistical purposes only in light of the agreement.  Thereafter, plaintiffs' counsel began the process of securing written releases from plaintiffs regarding the settlement of claims against defendants.  After considerable delay, the parties executed a written settlement agreement on September 3, 2010.  (Case No. 3:01-CV-1182, Doc. 511; Case No. 1:04-CV-0832, Doc. 380)

---

[1] A more extensive discussion of the facts of this case may be found in the court's memorandum and order dated December 8, 2011 (see Case No. 3:01-CV-1182, Doc. 525; Case No. 1:04-CV-0832, Doc. 393), and in the opinion of the Third Circuit dated February 27, 2013 (see Case No. 3:01-CV-1182, Doc. 538; Case No. 1:04-CV-0832, Doc. 403), familiarity with which is presumed.

On June 9, 2011, plaintiffs filed a motion (Case No. 3:01-CV-1182, Doc. 515; Case No. 1:04-CV-0832, Doc. 383) to enforce the settlement agreement. Defendants filed a cross-motion (Case No. 3:01-CV-1182, Doc. 517; Case No. 1:04-CV-0832, Doc. 385) to enforce the settlement agreement on June 10, 2011, in opposition to plaintiff's motion. The principal issue addressed in these motions was whether plaintiffs had provided all required releases and bankruptcy orders in accordance with the terms of the settlement agreement. (See Case No. 3:01-CV-1182, Doc. 515 Ex. D, Doc. 516 at 2; Case No. 1:04-CV-0832, Doc. 383 Ex. D, Doc. 384 at 2). On December 8, 2011, the court granted plaintiffs' motion to enforce the settlement agreement. (Case No. 3:01-CV-1182, Doc. 525; Case No. 1:04-CV-0832, Doc. 393). The court directed defendants to tender $300,000 to plaintiffs' counsel within fourteen days. (Case No. 3:01-CV-1182, Doc. 525; Case No. 1:04-CV-0832, Doc. 393).

Defendants appealed and filed a motion to stay the court's order pending the outcome of the appeal. (Case No. 3:01-CV-1182, Doc. 528; Case No. 1:04-CV-0832, Doc. 395). The court granted the motion and deemed the stay effective upon the posting of a $301,750.00 supersedeas bond with the court. (Case No. 3:01-CV-1182, Docs. 532, 534; Case No. 1:04-CV-0832, Docs. 399, 401). The court ordered that "[t]he monies shall remain in said interest-bearing account until the appeal of the above-captioned matter is complete, or until order of the court directing release of the funds, whichever occurs first," (see Case No. 3:01-CV-1182, Doc. 534; Case No. 1:04-CV-0832, Doc. 401).

3

On appeal, the Third Circuit affirmed the court's decision, with one significant exception: it could not determine whether plaintiffs had provided to defendants all documentation contemplated by the settlement. (Case No. 3:01-CV-1182, Doc. 538-1; Case No. 1:04-CV-0832, Doc. 403-1). The Third Circuit remanded, and it instructed this court to make additional factual findings or to explain its conclusions concerning whether purportedly "missing" bankruptcy orders were required. (Id.)

On remand, the court determined that plaintiffs must provide new releases for three plaintiffs and additional bankruptcy orders for three other plaintiffs prior to final enforcement of the settlement agreement. (Case No. 3:01-CV-1182, Doc. 555; Case No. 1:04-CV-0832, Doc. 411). According to a status report (Case No. 3:01-CV-1182, Doc. 571) filed with the court on November 25, 2013, plaintiffs have provided the required releases to defendants' counsel and have filed the necessary motions to obtain the required bankruptcy orders. Objections to those motions are due by December 6, 2013.

Defendants filed the instant motion asserting that the appeal was complete and requesting the court to release the supersedeas bond and any interest thereon to defendant Gene Percudani. (Case No. 3:01-CV-1182, Doc. 557). Plaintiffs counter that, to preserve the status quo and to prevent defendants from absconding with the court-deposited funds, the court should retain the supersedeas bond while

plaintiffs secure the remaining settlement documentation.[2] (Case No. 3:01-CV-1182, Doc. 564 at 8). The motion is fully briefed and ripe for disposition.

II. **Discussion**

Federal Rule of Civil Procedure 62(d) allows the court to stay a judgment pending appeal if the appellant posts a supersedeas bond. The posting of a supersedeas bond is supposed to "preserve the status quo while protecting the non-appealing party's rights pending appeal." Beatrice Foods Co. v. New England Printing & Lithographing Co., 930 F.2d 1572, 1574 (Fed. Cir. 1991) (citing Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir. 1979)). After appeal, courts typically release supersedeas bonds "when the bond has served its purpose and no outstanding judgment remains." Goss Intern. Corp. v. Tokya Kikai Seisakusho, Ltd., Civ. A. No. 00-35, 2006 WL 4757279 at *3 (N.D. Iowa 2006). A supersedeas bond is released "once all appeals are exhausted, the stay has been lifted and full payment has been made." Id.

Defendants assert that they are entitled to a release of the bond because 1) their appeal was successful; and 2) "the parties have been returned to their position before the erroneous Motion to Enforce was submitted." (Case No. 01-CV-1182, Doc. 567 at 6). These assertions are incorrect. To the contrary, defendants' appeal was

---

[2] Plaintiffs also assert that the court should deem defendants' motion withdrawn pursuant to Local Rule 7.5 because defendants did not file a brief in support of the motion within fourteen days. (Case No. 3:01-CV-1182, Doc. 564 at 5-6). The court will not deem the motion withdrawn because a strict application of the local rules would not serve the interests of justice. See L.R. 1.3.

5

not a complete success. Indeed, the Third Circuit affirmed the court's decision in favor of plaintiffs on the issue of enforcement of the settlement agreement, but remanded for a factual finding concerning whether plaintiffs had provided all the necessary releases and bankruptcy orders. The parties have not been returned to their earlier positions. Defendants' appeal and the court's subsequent decision on remand did not affect the overall viability of the settlement agreement. Rather, it articulated the precise, remaining conditions to enforcement of the settlement agreement.

Consequently, the facts at bar are quite dissimilar to cases disposing of motions to release supersedeas bonds. The appeal is complete, but plaintiffs will only be entitled to settlement proceeds once they provide defendants with the documentation required by the court.[3] Certain action is appropriate and necessary to preserve the status quo until the settlement agreement may be enforced. The court concludes that releasing the supersedeas bond but requiring defendants' counsel to hold the funds in escrow until plaintiffs have provided all the requisite documentation is the most appropriate method of addressing the unique circumstances of this matter.

---

[3] It is unlikely that plaintiffs would be entitled to any interest that accrued on the bond in the time since the court's initial order because plaintiffs have yet to satisfy all of the terms of the settlement agreement. However, this question is not currently before the court and the court declines to address it further.

6

**III. Conclusion**

For the above-stated reasons, defendants' motion (Case No. 3:01-CV-1182, Doc. 557) is granted in part and denied in part. The court will release the supersedeas bond, but require defendants' counsel, Marshall Anders, Esquire ("Attorney Anders") to hold the funds in escrow until plaintiffs have provided all settlement documentation requested by the court.

      /S/ CHRISTOPHER C. CONNER
      Christopher C. Conner, Chief Judge
      United States District Court
      Middle District of Pennsylvania

Dated:     December 5, 2013