IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDDIE and SHARON LESTER**, *et al.*, | : | **CIVIL ACTION NO. 3:01-CV-1182** |
| Plaintiffs | : | |
| | : | **(Chief Judge Conner)** |
| v. | : | |
| | : | |
| **GENE PERCUDANI**, *et al.*, | : | |
| Defendants | : | |

-------------------------------------------------------

| | | |
|---|---|---|
| **PABLO ACRE**, *et al.*, | : | **CIVIL ACTION NO. 1:04-CV-0832** |
| Plaintiffs | : | |
| | : | **(Chief Judge Conner)** |
| v. | : | |
| | : | |
| **CHASE MANHATTAN** | : | |
| **MORTGAGE CORP.**, *et al.*, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 20th day of March, 2014, upon consideration of the court's order (Case No. 3:01-CV-1182, Doc. 596; Case No. 1:04-CV-832, Doc. 429) directing *pro se* plaintiff Dwayne Thompson ("Thompson") to file a response with the court on or before March 17, 2014, showing cause why his claim should not be extinguished with prejudice for failure to prosecute, see FED. R. CIV. P. 41(b); Kenney v. Cal. Tanker Co., 381 F.2d 775, 777 (3d Cir. 1967) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases") (internal citation omitted), and it appearing that as of the date of this order, Thompson has failed to file such a response, and it

further appearing that dismissal for failure to prosecute is warranted under the six factors presented in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1994),[1] it is hereby ORDERED that:

1. Thompson's claim in Case No. 1:04-CV-832 is EXTINGUISHED with prejudice for failure to prosecute.

2. Defendants' motion (Case No. 3:01-CV-1182, Doc. 580; Case No. 1:04-CV-832, Doc. 419) to correct the court's order (Case No. 3:01-CV-1182, Doc. 555; Case No. 1:04-CV-832, Doc. 411) requiring plaintiffs to provide settlement documentation, wherein defendants request the court to amend its order to require plaintiffs' counsel to provide a release for plaintiff Dwayne Thompson, is DENIED as moot.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] In determining whether to dismiss Thompson's action for failure to prosecute, the court balanced the six Poulis factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." 747 F.2d at 868. Thompson's repeated failure to speak with plaintiffs' attorneys has greatly prejudiced defendants and the other plaintiffs by unreasonably delaying final settlement of this action. There is no viable alternative sanction. Dismissal with prejudice is warranted.